IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| INFORMATION SYSTEMS & NETWORKS CORPORATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-99C (Judge Block) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint of plaintiff Information Systems & Networks Corporation ("ISN"), defendant, the United States, admits, denies, and alleges as follows:

Introductory Paragraph

Denies the allegations contained first sentence of the introductory paragraph, that plaintiff's allegations are "based on personal knowledge as to its own actions as verified by its President and CEO in the operative Contract Disputes Act certified claim, and upon information and belief as to the actions of others" for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Denies the allegations contained in the second sentence of the introductory paragraph, that matters alleged upon information and belief of ISN "are based upon, among other things, the investigation of ISN, publicly available documents, and other documents presently available to ISN" for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

1. The allegation contained in the first sentence of paragraph 1, that "[p]laintiff brings this action to appeal multiple claims" is a conclusion of law and plaintiff's characterization of its case, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied; admits the allegation contained in the first sentence of paragraph 1 that plaintiff submitted claims "to the cognizant Administrative Contracting Officer ("ACO") on December 21, 2004" and that the claim was submitted "pursuant to the Contract Disputes Act of 1978, 41 U.S.C. §§ 601-612, as amended ("CDA")" to the extent supported by the claim cited, which is the best evidence of its contents; otherwise denies the allegations contained the first sentence of paragraph 1. Admits the allegations contained in the second sentence of paragraph 1 to the extent supported by the claim cited, which is the best evidence of its contents; otherwise denies the allegations contained in second sentence of paragraph 1. Admits the allegation contained in the third sentence of paragraph 1 that a copy of plaintiff's claim is attached to the complaint as exhibit A; the allegation contained in the third sentence of paragraph 1, that relevant parts of the claim have been underlined on the copy attached to the complaint as exhibit A is a conclusion of law and plaintiff's characterization of its case, to which no answer is

required; to the extent it may be deemed an allegation of fact, it is denied.

2. Admits the allegations contained in the first sentence of paragraph 2 to the extent supported by the claim cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 2. The allegation contained in the second sentence of paragraph 2 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3. Admits the allegation contained in the first and second sentences of paragraph 3 to the extent supported by the final decision cited, which is the best evidence of its contents. Admits the third sentence of paragraph 3 that a copy of the final decision is attached as exhibit B to the complaint. Denies the allegations contained in the fourth sentence of paragraph 3 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

4. The allegations contained in paragraph 4 are conclusions of law and plaintiff’s characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

5. The allegations contained in paragraph 5 are conclusions of law and plaintiff’s characterization of its case,

to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

6. The allegations contained in paragraph 6 are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

7. Denies the allegations contained in paragraph 7 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

8. Admits the allegation in paragraph 8 that defendant is the United States and that the Defense Contract Management Agency, the Defense Logistics Agency, and the Defense Contract Audit Agency are agencies of the United States; otherwise denies the allegations contained in paragraph 8.

9. Admits the allegation contained in the first sentence of paragraph 9 to the extent supported by the claim and the final decision cited, which are the best evidence of their contents. The allegations contained in the second sentence of paragraph 9 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

10. The allegations contained in paragraph 10 constitute conclusions of law and plaintiff's characterization of its case,

to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

11. The allegations contained in paragraph 11 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

12. Admits the allegation contained in the first sentence of paragraph 12. Admits the allegation contained in the second sentence of paragraph 12 to the extent supported by the indirect cost rate agreement cited, which is the best evidence of its contents. Admits the allegation contained in the third sentence of paragraph 12. Admits the allegation contained in the fourth sentence of paragraph 12 to the extent supported by the September 3, 2002 agreement cited, which is the best evidence of its contents.

13. Admits the allegations contained in the first sentence of paragraph 13 to the extent supported by the final decision cited, which is the best evidence of its contents; other wise denies the allegations contained in the first sentence of paragraph 13. The allegations contained in the second sentence of paragraph 13 are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

14. The allegations contained in the first sentence of paragraph 14 are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 14 to the extent supported by the final decision cited, which is the best evidence of its contents; other wise denies the allegations contained in the second sentence of paragraph 14. The allegations contained in the third sentence of paragraph 14 are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

15. Admits the allegations contained in the first sentence of paragraph 15 to the extent supported by the final decision cited, which is the best evidence of its contents; other wise denies the allegations contained in the first sentence of paragraph 15. The allegations contained in the second sentence of paragraph 15 are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

16. The allegations contained in paragraph 16 are conclusions of law and plaintiff's characterization of its case,

to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

17. The allegations contained in paragraph 17 are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

18. The allegations contained in the first sentence of paragraph 18 that the Government "failed to issue required Form 1s to ISN regarding the issues in dispute in the settlement of final indirect rates in a timely manner" or that some Form 1s were issued "late" are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied; admits the allegation contained in the first sentence of paragraph 18 that the Government issued "some Form 1s" in May 2000. The allegations contained in the second and third sentences of paragraph 18 are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegation contained in the third sentence of paragraph 18 that attached to plaintiff's complaint as Exhibit C is a list of Form 1s with corresponding issue dates; the remaining allegations set forth in the third sentence of paragraph 18 are plaintiff's characterization of its case, to

which no answer is required; to the extent they may be deemed allegations of fact, they are denied; avers that the Form 1s that concern the issues in dispute, related to the settlement of final indirect rates, were issued on April 26, 1996, April 24, 2000, September 12, 2000, and June 19, 2001.

19. Defendant incorporates by reference its responses to paragraph 1 through 18 of the complaint.

20. The allegations contained in paragraph 20 are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

21. The allegations contained in paragraph 21 are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

22. Defendant incorporates by reference its responses to paragraph 1 through 21 of the complaint.

23. The allegations contained in paragraph 23 are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

24. The allegations contained in paragraph 24 are conclusions of law and plaintiff's characterization of its case,

to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

25. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 24, or to any relief whatsoever.

26. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

27. Plaintiff's claims are barred by the doctrine of payment insofar as plaintiff has received payment and has been fully compensated according to the terms and conditions of the contracts.

28. Plaintiff’s claims are barred by the doctrine of accord and satisfaction.

29. Plaintiff’s claims are barred by release.

WHEREFORE, defendant requests that the Court enter judgment in favor of defendant, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Mark A. Melnick
MARK A MELNICK
Assistant Director

s/ David B. Stinson
DAVID B. STINSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tele: (202) 307-0163
Fax: (202) 514-8624

Attorneys for Defendant

OF COUNSEL:
GREGORY T. ALLEN
Defense Contract Management Agency

June 9, 2006

CERTIFICATE OF FILING

I hereby certify that on June 9, 2006, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David B. Stinson
DAVID B. STINSON