IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| INFORMATION SYSTEMS & NETWORKS CORPORATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-99C (Judge Block) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE TO ESTABLISH AS ADMITTED ALL COSTS INCURRED BY PLAINTIFF AS SET FORTH IN DEFENDANT'S AUDIT REPORTS AND FINAL DECISION

Defendant, the United States, respectfully opposes the motion in limine filed by plaintiff, Information Systems & Networks Corp. ("ISN"), to establish as admitted all costs "incurred" by ISN as set forth in Government audit reports and the contracting officer's final decision.

First, ISN cannot establish that it incurred costs by relying upon the findings of the contracting officer. This Contract Disputes Act action is a de novo proceeding. See 41 U.S.C. § 609(a)(3). The findings of fact in a contracting officer's final decision are not binding upon the parties and are not entitled to any deference. Wilner v. United States, 24 F.3d 1397, 1401 (Fed. Cir. 1994). Rather, the contractor has the burden of proving the fundamental facts of liability and damages de novo. Id. A contractor is not entitled to the benefit of any presumption arising from the contracting officer's decision; de novo review precludes reliance upon the presumed correctness of the decision. Id. Thus, the findings of a contracting officer's

final decision do not give rise to any presumption. See id. at 1402.

Second, ISN fails to offer to the Court the audit reports that it represents contain admissions of fact. Because ISN does not offer the audit reports, there is no way for the Court to determine what those reports find, what methodology the reports adopted to arrive at those findings (for example, sampling or verification of every dollar of cost claimed), or what reservations or qualifications the audit reports may have attached to those findings. ISN's statements in its motion regarding what the audit reports state are not evidence of the contents of the audit reports; they are merely argument of ISN's counsel. Cf. Johnston v. IVAC Corp., 885 F.2d 1574, 1581 (Fed. Cir. 1989) ("Attorneys' argument is no substitute for evidence."). Because this is a de novo proceeding, ISN also cannot rely upon the statements in the contracting officer's final decision as evidence of what the audit reports state. See Wilner, 24 F.3d at 1401-02.

Third, ISN represents what a Defense Contracting Audit Agency auditor confirmed regarding the audit reports, without even presenting to the Court the pages of the transcript of the deposition during which ISN claims that the auditor provided that confirmation.

As plaintiff, ISN has the burden in this action of proving its allowable costs by a preponderance of the evidence. See Advanced Materials, Inc. v. United States, 54 Fed. Cl. 207, 209 (2002). Thus far, ISN has not presented to the Court any evidence of its allowable costs, much less proved them by a preponderance of the evidence.

For the foregoing reasons, the United States respectfully requests that the Court deny ISN's motion in limine.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-0342
Facsimile: (202) 514-7965

May 27, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on May 27, 2008, a copy of the foregoing Defendant's Response To Plaintiff's Motion In Limine To Establish As Admitted All Costs Incurred By Plaintiff As Set Forth In Defendant's Audit Reports And Final Decision was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail