IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| INFORMATION SYSTEMS & NETWORKS CORPORATION, | ) | |
| Plaintiff, | ) | No. 06-99C |
| v. | ) | (Judge Block) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

Defendant, the United States, respectfully opposes the motion to amend the complaint filed by plaintiff, Information Systems & Networks Corp. ("ISN"), to add a request for a $2 million monetary judgment. A Court should not grant leave to amend a complaint if the proposed amendment would be futile. The Centech Group, Inc. v. United States, 78 Fed. Cl. 658, 661 (2007) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). A finding of futility requires the Court to determine that the proposed amendment is subject to dismissal or so wholly and patently lacking in merit that it cannot possibly succeed. Id. Here, the amendment that ISN proposes would be futile, for the following reasons.

First, the Court does not possess jurisdiction to entertain the request for monetary judgment that ISN seeks to add to its complaint because (1) the proposed amendment does not appeal from a denial of the category of monetary relief that the amendment requests, and (2) the proposed amendment does not establish that ISN presented a claim for that money to a contracting officer.

Where the Court does not possess jurisdiction to entertain the subject of a proposed amendment to a complaint, the filing of the amended complaint would be futile. See id. (discussing Emerald Coast Finest Produce Co., Inc. v. United States, 76 Fed. Cl. 445, 452 (2007)). A final decision by a contracting officer is a jurisdictional prerequisite to maintaining a Contract Disputes Act ("CDA") suit such as this in this Court. Bath Iron Works Corp. v. United States, 20 F.3d 1567, 1578 (Fed. Cir. 1994). Moreover, to establish this Court's jurisdiction to entertain a CDA action, a contractor must have submitted to the contracting officer in writing a clear and unequivocal statement that gave the contracting officer adequate notice of the basis and amount of the claim. See Contract Cleaning Maintenance, Inc. v. United States, 811 F.2d 586, 592 (Fed. Cir. 1987).

Count III of the proposed amended complaint reflects that the monetary judgment that ISN would request would be for rent, bonuses, pensions costs, equipment, and "multiple small items." Document 24 at 29 of 30 ¶ 30. The proposed amended complaint, however, indicates that the Court's jurisdiction would be predicated upon the contracting officer's February 9, 2005 decision upon "the fifth part of" a December 2004 claim that ISN presented to the contracting officer. See Document 24 at 19-21 of 30 ¶¶ 1, 3, 5.

That December 2004 claim, which ISN attached as Exhibit A to its original complaint, establishes that "the fifth part" of its 2004 claim is for "the resolution of the five indirect rate issues to conclusively establish final rates for ISN for the period FY 1985-1996." Appendix ("App.") 5 (item number 5). The contracting officer's February 9, 2005 decision, which ISN attached as Exhibit B to its original complaint (App. 14), decided what those rates should be, but did not decide any claim for money.

Moreover, nowhere in the December 2004 claim does ISN present to the contracting officer any clear and unequivocal sum-certain monetary claims for rent, bonuses, pensions costs, equipment, or "multiple small items." Rather, the 2004 claim presents requests for money for "unpaid contract fee amounts and amounts due within contract ceilings," "cost over contract ceilings," "loss of profit," "loss of unabsorbed overhead," interest, and attorney fees (App. 5), some of which are subjects of a pending, related case to this, Information Systems & Networks Corp. v. United States, No. 06-387C (Fed. Cl.).

By contrast, in Thompson v. Cherokee Nation of Oklahoma, 334 F.3d 1075, 1082-83 (Fed. Cir. 2003), which plaintiff cites, the appellee had submitted a claim to the contracting officer "alleging that the Secretary had not paid the full indirect costs to which it was entitled for [certain] fiscal years . . . [and]

claim[ing] that it was owed . . . a total claim of $6,369,009." In Aydin Corp. v. Widnall, 61 F.3d 1571, 1575 (Fed. Cir. 1995), which plaintiff also cites, the contractor sought from the contracting officer "reimbursement of the amount it would have received if the [Defense Contract Auditing Agency] had not adjusted [the contractor's] G & A expense pools." And in Lockheed Support Systems, Inc. v. United States, 36 Fed. Cl. 424, 427 (1996), which plaintiff also cites, the contractor presented a claim to the contracting officer "demanding that the contracts be modified to include G & A, overhead, and profit for the increased labor resulting from the increased wage determinations, [and] claiming it was entitled to a sum of $639,142.56." Because ISN has not presented similar monetary claims to a contracting officer, amendment of the complaint to include such a claim in this action would be futile.

Second, ISN's proposed amended complaint does not even identify (by number, for example) the contracts pursuant to which the Government allegedly owes it money. Although ISN's December 2004 claim referenced 19 contracts (App. 1), its proposed amended complaint does not indicate whether those are the contracts (or the only contracts) pursuant to which the Government should pay the proposed monetary judgment. ISN does not explain how the Court could determine that the Government must pay ISN money without knowing which contracts require that

payment, or without examining the provisions of specific contracts between the United States and ISN. Cf. id. at 425-26 ("Plaintiff, Lockheed Support Services, Inc., seeks to recover general and administrative costs (G & A), as well as overhead and profit, associated with wage revisions made during the base period of the contracts at issue in this case." (emphasis added)).

Third, a monetary judgment in this action would be premature. In general, the process for determining final indirect cost rates is set forth in the Allowable Cost and Payment Clause, 48 C.F.R. § 52.216-7, which incorporates by reference FAR Subpart 42.7, Indirect Cost Rates, 48 C.F.R. Subpart 42.7. The clause provides that a contractor shall, within 90 days after the expiration of its fiscal year, submit to the contracting officer "proposed final indirect cost rates for that period and supporting cost data . . . ." 48 C.F.R. § 52.216-7(d)(2) (1984). The contractor and the Government shall execute a written agreement setting forth the final indirect cost rates. 48 C.F.R. § 52.216-7(d)(3) (1984). A "[f]ailure by the parties to agree on a final annual indirect cost rate shall be a dispute within the meaning of the Disputes clause." 48 C.F.R. § 52.216-7(d)(4) (1984). Until the final annual indirect cost rates have been established for a contractor's fiscal year, the contractor is reimbursed through billing rates established by the

administrative contracting officer. 48 C.F.R. § 52.216-7(e) (1984). The billing rates are not determinative of the indirect costs to be distributed in the final settlement of a contract. See 48 C.F.R. § 42.704(d) (1987).

Once all the final indirect cost rates applicable to a contract have been established, the contractor shall submit a completion invoice or voucher, and, upon its approval, the Government "shall promptly pay any balance of allowable costs . . . not previously paid." 48 C.F.R. § 52.216-7(h)(1) (1984). The contracting officer may have the contractor's requests for payment and final indirect cost rate proposals audited at any time before final payment, and any payment may be adjusted for prior overpayments or underpayments. 48 C.F.R. § 52.216-7(g) (1984).

This action, Case No. 06-99C, is the vehicle through which ISN's final indirect rates will be established. Once those rates are established, ISN will be required to submit completion invoices or vouchers to the Government for payment of allowable costs not previously paid. See 48 C.F.R. § 52.216-7(h)(1) (1984). ISN's proposed amendment improperly seeks to circumvent that process.

For the foregoing reasons, the United States respectfully requests that the Court deny ISN's motion to amend its complaint.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Mark A. Melnick
by s/Brian M. Simkin
MARK A. MELNICK
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-0342
Facsimile: (202) 514-7965

June 17, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on June 17, 2008, a copy of the foregoing Defendant's Response To Plaintiff's Motion To Amend Complaint was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail