IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| INFORMATION SYSTEMS & NETWORKS CORPORATION, Plaintiff, | ) | |
| v. | ) | No. 06-99C (Judge Block) |
| THE UNITED STATES, Defendant. | ) | |

**REPLY TO DEFENDANT'S RESPONSE TO**
**PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Plaintiff, Information Systems and Networks Corporation ("plaintiff" or "ISN"), respectfully files this Reply to Defendant's Response to Plaintiff's Motion to Amend Complaint ("the Response").

## INTRODUCTION

Defendant makes essentially three arguments in its Response. First, it claims that the Court does not possess jurisdiction to entertain the request for monetary judgment that ISN's seeks to add to its Complaint in Count III.[1] This argument claims that ISN did not present a claim for a monetary judgment in its CDA Claim of December 14, 2004 ("the Claim") and states that the Final Decision of the Administrative Contracting Officer ("ACO") did not address moneys due ISN. As will be shown, this argument has no merit. The CDA Claim set forth specific claimed amounts and was not required to ask

[1] The original Complaint already contains a request for monetary judgment (Count II) in that it seeks judgment for the amount of Contract Disputes Act ("CDA") interest on the amounts found due and owing under Count I until paid. The CDA interest would run from December 14, 2004 until the increase in indirect rates is paid. See, FAR §33.208. ISN's entitlement to a money judgment for this interest has not been contested by defendant either via motions practice or some form of affirmative defense. See, defendant's Answer which does not raise this issue, but only generally denies ISN's entitlement to any relief.

the ACO for a monetary judgment (which the ACO could not have provided even if he wanted to).

The amounts claimed included:

(i) not less than $2.6 million due within contract ceilings (rate adjustments);

(ii) Not less than $2.5 million due for costs over contract ceiling; and

(iii) Not less than $6 million for loss of profit and unabsorbed overhead.[2]

Since the ACO could not provide ISN a monetary judgment, the CDA Claim was not required to address relief which could only be provided by this Court.

Second, defendant contends that a monetary judgment would not be appropriate unless ISN can demonstrate what is owed on each of approximately 100-200 contracts over an approximate 20 year period. This argument, of course, ignores the very purpose of the requested amendment. At its root, the defendant believes that it has no responsibility for any accounting connected with any contract ever awarded ISN and that somehow that lack of responsibility should defeat ISN's request for amendment to the Complaint. On the other hand, defendant's Affirmative Defense alleging the doctrine of payment (para. 27 of the Answer), claims ISN has been paid all amounts due under all contracts as of the filing of this Case. The defendant therefore has the accounting of these contracts and requires nothing further from ISN.[3]

Third, the defendant argues that a monetary judgment in this action would be premature because under "normal circumstances," there is an administrative process that should be followed. The defendant claims that once final indirect rates are established,

---

[2] All but (i) are part of Case No. 06-387C in this Court.

[3] If this argument had any credibility, the defendant would have engaged in discovery on this issue. It never did.

ISN, as a contractor, would submit a completion invoice or voucher to the defendant for payment of the allowable costs. However, this process assumes the parties are not engaged in litigation. This process has also been rendered impossible and moot given the length of time that has passed. A monetary judgment is imperative to provide ISN any relief. This administrative process is irrelevant in the context of ISN obtaining relief from this Court.

## ARGUMENT

### A. Defendant's Argument That Monetary Relief Was Not Sought In The CDA Claim Is Incorrect

The CDA Claim is clear on ISN's claim for more than $100,000. Overall, it claims "...damages connected with final resolution of all outstanding contractual issues to establish final rates..." (CDA Claim at 1). In the CDA Claim's Section III, "ISN's Specific Claim Amounts," ISN seeks unpaid contract amounts due within contract ceilings in an amount not less than $2.6 million dollars (CDA Claim at 5). The only way ISN could be entitled to any amounts within contract ceilings is the result of an increase in indirect rates. How much clearer is the assertion of a certified claim required to be under the CDA.

It is disingenuous for the defendant to argue that a certified sum certain was not claimed in the CDA claim. The ACO did not take this position. Defendant has not taken this position for over two years in this Case. When ISN demands $2.6 million regarding unpaid contract amounts due within contract ceilings, it has met its CDA obligation to set forth its claim for any increases in contract amounts due as a result of final indirect rates.

But the best measure of whether the CDA Claim requested a fixed sum lies in the ACO's Final Decision. Even a cursory review of that Final Decision shows that for each of the six allowable cost issues, the ACO quantified his view of the costs he would allow in total dollar amounts for each of the years in question. He then took all of the quantified allowable amounts and calculated an indirect rate. He did not address, question or otherwise mention ISN's total claim for a lump-sum monetary amount. There is no difference between the amount calculated by applying new indirect rates to ISN's flexibly priced contracts and the sum certain judgment requested by ISN in its new Count III which is the equivalent.

This is not a case where ISN is seeking to increase the amount of the original damages set forth in the CDA Claim. Even so, generally, a Federal Rule of Civil Procedure 15 (a) amendment is appropriate for increasing the amount of damages sought. See, McFadden v. Sanchez, 710 F.2d 907 (2nd Cir. 1983), cert denied 464 U.S. 961 (1984); Stewart v. Banks, 397 F.2d 798 (5th Cir. 1968), cert dismissed 393 U.S. 801 (1969). While the Federal Rules do not address defendant's jurisdictional argument here, the overall thrust of RCFC 15 is the same, assuming arguendo, that the CDA Claim has raised the issue being addressed by the requested Amendment.[4] Since ISN's claim for monetary relief was set forth in its CDA Claim, this Court has jurisdiction to allow the amendment of the Complaint to award a monetary judgment if the evidence warrants.

[4] Whether in fact the Final Decision to the CDA Claim addressed all of what ISN was claiming is irrelevant for determining whether the amendment should be allowed. Clearly, the ACO did not address many of the details of ISN's claim, including the amount of monetary relief it was seeking.

Finally, it is not the prerogative of the defendant to re-write the Final Decision. The ACO had every opportunity to deny or explain why ISN was not entitled to at least $2.6 million from the flexibly priced contracts. He chose not to do. That decision does reflect or change the fact that ISN met its responsibility under the CDA.[5]

**B. <u>ISN Is Under No Obligation To Identify Contracts Impacted By The Award Of Allowable Costs</u>**

Defendant argues, for the first time, that the proposed amendment to the Complaint does not identify the contracts pursuant to which the defendant will allegedly owe ISN money. This is the first time that such an argument has been made by the defendant. The Answer to the Complaint does not raise this issue as a defense; no motion has been filed against the original Complaint in this regard; the defendant's Answers to Interrogatories No. 8 (attached as Exhibit A) referring to paragraph 27 of the Answer (attached as Exhibit B) claims ISN has been paid all amounts currently due under its contracts. The connection between ISN's request for a monetary judgment equal to the amount of allowable costs ultimately awarded as opposed to final indirect rates applied to contracts equates to the same amount. The exact same contracts pursuant to which the allowable costs would apply are not required to be provided as a basis for the amendment.

The government has agencies charged with maintaining documentation on contracts awarded, managed, and billed by and paid to ISN (Defense Contract Audit Agency, Defense Finance Administration Services, just to mention two). It is inconceivable that the defendant would not know what was paid on each contract

[5] The CDA does not require a contractor to explain in any detail the claim being asserted, only to make the CDA certifications for claims above $100,000. And, since the ACO never contended that he was confused by ISN's claims, the defendant is now estopped from arguing that he really was.

awarded ISN. Its Answer to Interrogatories, if truthful, must be based on records within defendant's possession. ISN believes it does not have the obligation to provide the defendant information the defendant has never requested as a condition precedent to filing its amendment. If in fact ISN can demonstrate that it is entitled to allowable costs which were withheld from it during the past 20 years, then it is entitled to those sums by way of a monetary judgment. Moreover, the requested amendment to the Complaint seeking a monetary judgment can certainly not be conditioned on ISN doing the government's accounting for it by coming up with a list of 150 + sum odd contracts ISN performed these past 20 years.

**C. ISN Requires a Monetary Judgment As Relief In This Case**

ISN is fully aware of the Code of Federal Regulations ("CFR") applicable to providing invoices or vouchers to the government for payment of allowable costs not previously paid. However, those CFR procedures do not contemplate invoicing the government on contracts which have been closed for more than 20 years, originally awarded by some agencies which are no longer in existence, and are the result of litigation in this Court. What the government wants is to place ISN in the position of taking new indirect rates which include improperly withheld allowable costs and submitting bills which defendant knows will never be paid or even addressed by the government. The cases cited by ISN and reiterated by the government demonstrate why the monetary judgment is the proper form of relief here rather than billing increased indirect rates. See, Thompson v. Cherokee Nation of Oklahoma, 334 F.3d 1075, 1082-1083 (Fed. Cir. 2003). Lockheed Support Systems, Inc. v. the United States, 36 Fed. Cl. 424 (1996); Aydin Corp v. Widnall, 61 F.3d 1571 (Fed. Cir. 1995).

Each of those cases awarded the contractor a monetary judgment even though the decision of the court in effect increased a final indirect rate which easily could have been billed by the contractor to the government. However, the trial court in each of those cases was convinced that a monetary judgment was the most expeditious and appropriate form of relief.[6] The issue of ISN's entitlement to a monetary judgment has been addressed by its expert in his report. He has provided testimony at deposition as to the necessity for a monetary judgment. The amendment sought by ISN was set forth in its CDA Claim, whether addressed by the ACO or not, and should be properly before this Court by granting the amendment to the Complaint.

## D. ISN Was Not Required To Set Forth Its Legal Remedies In Its CDA Claim

The CDA requires a contractor to submit its claims against the government relating to a contract in writing. The claim shall be submitted to the contracting officer for a decision. See, Contract Disputes Act of 1978, 41 U.S.C. 601-613 ("the Act"). Nothing in this statute requires a contract or to assert its legal remedies against the government, assuming the contracting officer issues a decision contrary to the contractor's position and the contractor appeals. For claims of more than $100,000, the contractor is required to certify the claim that is made in good faith, that the supporting data is accurate and complete to the best of the contractor's knowledge and belief, and that the amounts requested accurately reflect the contract adjustments for which a contractor believes the government is liable. See, FAR §33.207.

No claim has been made by either the ACO in his Final Decision or in this Case by the defendant, that the CDA Claim was not properly certified by ISN and did not meet

[6] It should be noted that the Code of Federal Regulation states that if a final indirect cost rate becomes a dispute then, a CDA claim must be filed by the contractor. 48 C.F.R. §52.216-7(d)(4)(1984). Once that CDA claim is filed, the remedy from this Court is not governed by the Code of Federal Regulations.

all other requirements of the CDA.[7] What the defendant now argues is that ISN should have included in its CDA Claim an analysis of the legal remedies it would seek assuming, arguendo, that the contracting officer denied the claim. Neither the CDA nor the Federal Acquisition Regulations require such a hypothetical analysis to be included in the CDA Claim. So long as amounts are set forth to be due and owing, which the contracting officer can review and issue a written decision on, the contractor has met its obligation.

It is well known that this Court's jurisdiction is restricted to rendering judgments on money claims against the government. Questions of entitlement and quantum, absent a claim for money, will not be accepted by the Court. Further, the only "legal remedy" addressed by the CDA is a contractor's allegation that it is entitled to rescission or reformation of its contract. See, FAR §33.205(b). At no time has the defendant claimed this Court does not have jurisdiction over ISN's claims as asserted in the Complaint. It therefore is barred from now claiming that providing relief in the form of a money judgment is outside the authority of this Court.

---

[7] In addition, there is no defense by defendant as to offsets in this Case.

**CONCLUSION**

For the reasons heretofore stated, ISN request that its Motion to Amend Complaint be granted.

June 20, 2008

Respectfully submitted,

SINGER & ASSOCIATES, P.C.

By: /s/ Norman H. Singer

NORMAN H. SINGER, ESQ.
Singer & Associates, P.C.
10411 Motor City Drive
Suite 725
Bethesda, MD 20817
Telephone: (240) 395-2343
Facsimile: (301) 469-0403
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing "REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO AMEND COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

 EXHIBIT A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| INFORMATION SYSTEMS & NETWORKS CORPORATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-99C (Judge Block) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rules 26, 33, and 34 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, serves its responses and objections to Plaintiff's First Set Of Interrogatories And Second Request For The Production Of Documents.

Interrogatory No. 8:

State all facts which provide the basis for your affirmative defense set forth in paragraph 27 of your Answer.

Response:

We object to this interrogatory because in requesting "all facts," it is overly broad and unduly burdensome, pursuant to the reasoning set forth in IBP, Inc. v. Mercantile Bank of Topeka, 179 F.R.D. 316, 321 (D. Kan. 1998).

Without waiving that objection, we answer that plaintiff has been paid every amount to which it is entitled as of the date this action was commenced, as interim payments pending the determination of final indirect cost rates for the contracts at issue in this action. Until the final indirect rates applicable to those contracts have been determined, all payments are financing payments made pursuant to the billing rates set by the administrative contracting officer.

EXHIBIT B

to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

25. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 24, or to any relief whatsoever.

26. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

27. Plaintiff's claims are barred by the doctrine of payment insofar as plaintiff has received payment and has been fully compensated according to the terms and conditions of the contracts.

28. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

29. Plaintiff's claims are barred by release.

WHEREFORE, defendant requests that the Court enter judgment in favor of defendant, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director