IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| INFORMATION SYSTEMS & NETWORKS CORPORATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-99C (Judge Block) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION TO PREVENT THE EXPERT TESTIMONY OF ELLEN E. ERDELSKY

Defendant, the United States, respectfully opposes the motion of plaintiff, Information Systems & Networks Corp. ("ISN"), to prevent the expert testimony of Ellen E. Erdelsky. We note that ISN does not request that the Court exclude any non-expert testimony of Ms. Erdelsky and, therefore, do not address that issue. The Court should deny ISN's motion, for the following reasons:

First, we will not, as ISN suggests, offer Ms. Erdelsky to explain to the Court the meaning of the Federal Acquisition Regulations, or to provide legal conclusions. Such "expert" testimony is generally inadmissible. See Sparton Corp. v. United States, 77 Fed. Cl. 1, 7 (2007).

Second, ISN's assertions regarding Ms. Erdelsky's alleged bias, her role in the auditing of ISN's incurred cost proposals, and whether she has published or previously provided expert testimony, are beside the point. Those questions bear only upon the weight to be given her testimony, not whether she is

qualified to provide expert testimony.[1] Compare Eastern Minerals Int'l, Inc. v. United States, 39 Fed. Cl. 621, 627 (1997) (finding experts not persuasive), rev'd & cross-appeals dismissed on other grounds sub nom., Wyatt v. United States, 271 F.3d 1090 (Fed. Cir. 2001) with Banks v. United States, 75 Fed. Cl. 294, 299-300 (2007) (holding that witness qualified as an expert).

Third, Ms. Erdelsky is qualified to provide expert testimony in the areas of Government cost accounting and auditing, technical areas that are relevant to this action. If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. Fed. R. Evid. 702.

---

[1] ISN points to Ms. Erdelsky's work for the Government and upon the audit reports upon which the contracting officer relied as reasons to exclude her testimony. However, Charles Bonuccelli, ISN's expert, worked for ISN from 1982 to 1984 and from 1999 to 2004 (Defendant's Appendix 1), and prepared the damages schedule that is Exhibits B and C to ISN's May 11, 2006 complaint in its related case, Case No. 06-387C (Fed. Cl.) (see id. 4, 6 at 23-25, 7 at 1-18).

ISN does not dispute that Ms. Erdelsky is an accounting expert, and concedes at pages seven and 15 of its brief that she is a Certified Public Accountant and an expert in auditing.[2] Indeed, Ms. Erdelesky has been a Certified Public Accountant for 27 years and has 28 years' experience in Government contracting auditing with the Defense Contract Auditing Agency ("DCAA"), most recently as an auditor. Plaintiff's Appendix ("Pl. App.") 10.

Ms. Erdelsky's experience includes the auditing of incurred costs, which is the subject of this action. Id. Contrary to ISN's suggestion that her opinions are not based upon the facts of this case, and particularly "document[s] provided by ISN," Ms. Erdelsky was involved in the incurred cost audits for ISN's fiscal years 1987-1995, which are the subject of this case (Pl. App. 10) and, in the course of her expert analysis, considered all the audit reports for those years, as well as ISN's complaint and Mr. Bonuccelli's expert report (Pl. App. 8).

In addition, Ms. Erdelsky's report reflects that her analysis applied generally accepted accounting principles to the facts. E.g., Pl. App. 2. ISN does not demonstrate that those principles or Ms. Erdelsky's methodologies are not reliable, or

---

[2] ISN does not explain the difference between auditing and "indirect cost analysis"; nor does it demonstrate that auditing incurred cost proposals such as those at issue in this case does not include indirect cost analysis. Indeed, the regulatory term for an incurred cost proposal is a "final indirect cost rate proposal." 48 C.F.R. § 52.216-7(d)(2)(i)).

that she did not apply those principles and methods reliably to the facts of this case.

Consequently, ISN fails to demonstrate that Ms. Erdelsky is not qualified to provide expert testimony in this case, particularly regarding (1) the accounting principles and methodologies that she and Mr. Bonuccelli applied to determine cost allowability issues that are relevant to this case, and (2) the validity, from an expert's standpoint, of the results of those conclusions.[3] (For example, Ms. Erdlesky's report (Pl. App. 2-3) addresses the different methodologies that she and Mr. Bonuccelli applied to determine rental costs for office space, one of the principal issues in this case.) Ms. Erdelsky will, as required by Rule 702, be able to assist the Court to determine the allowability of those of ISN's proposed costs, particularly where those determinations are the result of the application of accounting methodologies used to arrive at those determinations. Cf. SCM Corp. v. United States, 645 F.2d 893, 897 (Ct. Cl. 1981) (qualifying several DCAA officials as expert

---

[3] ISN's assertion at page that Ms. Erdelsky did not believe she was qualified to serve as an expert mischaracterizes her testimony. Her testimony upon this point concerned her understanding of the policy of DCAA regarding whether an auditor, as opposed to only a supervisor auditor, could serve as an expert witness. Pl. App. 46-48. Ms. Erdelsky testified that the policy "had changed some years in the past, and had passed [her] by," and that DCAA subsequently advised her that she "could be an expert witness." Pl. App. 47 at 9-10, 49 at 2-5.

auditing witnesses for purposes of testimony regarding auditing a contractor's costs on a large Government contract)

Fifth, it would not be unique to this case for the Court to consider the expertise of a DCAA auditor. Indeed, DCAA auditors have been recognized as experts in other cases. See id. at 897; Grumman Aerospace Corp. v. United States, 587 F.2d 498, 503 (Ct. Cl. 1978) (referring to "defendant's expert accounting witness from DCAA"); Cupey Bajo Nursing Home, Inc. v. United States, 36 Fed. Cl. 122, 133, 137 (1996) (referring to supervisory DCAA auditor and another DCAA auditor as expert witnesses).

Sixth, although ISN requests exclusion of Ms. Erdelsky's opinion testimony as a sanction for the Government's alleged failure to produce documents, ISN does not identify which of our responses to any of its discovery requests is deficient. In addition, ISN fails to demonstrate that is has satisfied the requirements of Rule 37 of the Rules of the United States Court of Federal Claims ("RCFC"). ISN has not certified that it has in good faith conferred or attempted to confer with the Government in an effort to secure the documents without Court action, a prerequisite to sanctions, pursuant to RCFC 37(a)(2). ISN has not applied for an order compelling discovery pursuant to RCFC 37(a), and identifies no order regarding production of documents with which the Government has failed to comply; which is another prerequisite, pursuant to RCFC 37(b).

Finally, for all the foregoing reasons, the Court should deny ISN’s request for a Rule 26(c) protective order excluding a hypothetical other witness (the parties have yet to exchange witness lists) from testifying regarding Ms. Erdelsky’s work product. In addition, ISN fails to satisfy the requirement set forth in RCFC 26(c) to certify that it has in good faith conferred or attempted to confer with the Government to resolve its dispute without Court action.

For the foregoing reasons, the United States respectfully requests that the Court deny ISN’s motion to prevent the expert testimony of Ms. Erdelsky.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-0342
Facsimile: (202) 514-7965

July 14, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on July 14, 2008, a copy of the foregoing Defendant's Response To Prevent The Expert Testimony Of Ellen E. Erdelsky was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail