IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| INFORMATION SYSTEMS & NETWORKS CORPORATION | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-99C |
| THE UNITED STATES, | ) | (Judge Block) |
| Defendant. | ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER AND *IN LIMINE* TO PREVENT THE TESTIMONY OF DEFENDANT'S PROPOSED EXPERT, ELLEN ERDELSKY**

Plaintiff, Information Systems and Networks Corporation ("Plaintiff" or "ISN"), hereby files its Reply to Defendant's Response to Plaintiff's Motion for a Protective Order and In Limine to Prevent the Testimony of Defendant's Proposed Expert, Ellen Erdelsky (hereinafter "the Response").

**INTRODUCTION**

Defendant's Response fails to address any of the points raised in plaintiff's Motion for a Protective Order and In Limine to Prevent the Testimony of Defendant's Proposed Expert, Ellen Erdelsky (hereinafter "the Motion"). Defendant glibly claims that the only issue is whether the proposed expert witness has general qualifications and if so, she should be allowed to testify with any questions about her qualifications going solely to the weight to be given to the testimony by the Court. This sophomoric approach fails to take into account the requirements of both the RCFC and the Federal Rules of Evidence.[1] In addition, the Response intentionally distorts the

[1] The point of the Motion is to resolve Erdelsky's lack of qualifications as an expert witness now, not

proposed testimony of the expert as well as other issues set forth in the Motion. Whether this intentional conduct is due to a misunderstanding of the basis of ISN's scrutiny of Erdelsky's expertise or testimony or some other attempt to diffuse the issues, the Response nevertheless fails to address the issues which the Motion has raised.

**ARGUMENT**

Erdelsky's testimony is irrelevant because it is now claimed she will not be offering opinions regarding the requirements of the Federal Acquisition Regulations ("the FAR"). This position is now stated despite Erdelsky's expert report which is solely based on her interpretations of the FAR. Thus, how defendant can now represent in the Response that Erdelsky will not offer opinions regarding the FAR or its requirements is disingenuous. This newly minted position is not what she originally said in her expert report. In the report,

a. she claimed that the indirect cost disallowances were in accordance with FAR 31.205;
b. she claimed that FAR 31.205-36 did not contain a requirement that the allowability of rental cost had to be reviewed over an extended period of time;
c. she claimed that her method to determine ownership cost was acceptable under the FAR; and
d. she claimed that the two pension contributions did not conform "to the clear requirements of the FAR."

---

during trial. Defendant is old school: Regardless of lack of expertise, allow all testimony and have the Court determine the weight it should be given. This procedure has been repudiated by all courts years ago.

If in fact the defendant is to now be believed that Erdelsky will not be offering any opinion regarding the requirements of the FAR in connection with the indirect cost issues which are before the Court, then her testimony is irrelevant. It is the requirements of the FAR that will determine the allowability of the indirect costs in this case and if she is not going to opine on those requirements, then her expert testimony cannot possibly assist this Court in determining the issues.

Defendant's position that Erdelsky's testimony should be allowed because the court will be able to determine the weight to be given it and need not address the issue of admissibility misses the point of the Motion. ISN has argued that Erdelsky is not qualified because she does not have the necessary expertise to offer any opinion (See, § B, pages 13-16 of the Motion).

The Government's failure to discern the core issues raised by the Motion is best demonstrated by its inadequate Response. For example, the Response claimed that Erdelsky utilized and applied generally accepted accounting principles (GAAP) in rendering her report, when in fact those principles have no relevance to the indirect costs issues.[2]

## A. **Erdelsky Is Not Qualified To Offer Any Opinion In This Case**

Defendant mistakenly justifies Erdelsky's inclusion as an expert in this case due to her purported expertise in the nebulous discipline of a certified public accountant. However, that expertise does not provide the basis for her to opine on the indirect cost

[2] If any accounting principles apply, it is the generally accepted auditing principles utilized by the Government in the disallowances of the indirect costs in the first instance. GAAP plays no role in either the Government audits or the results of those audits.

issues in this case. Erdelsky is not qualified because of a lack of experience to testify on how the indirect costs should have been treated.

In an attempt to save Erdelsky's testimony, defendant contends that ISN's expert Charles Bonuccelli, because he worked for ISN for a limited period of time and prepared damage schedules utilized in Case Number 06-387C, which has been stayed by this Court, places him in the same position as Erdelsky. This "tit for tat" argument completely misses the point and demonstrates that defendant cannot have it both ways. First, ISN's expert has not been challenged in any respect by the defendant. Second, if determining how the indirect costs should be treated does not require specialized training in this particular audit field, as well as experience, then Erdelsky need not testify as an expert at all. See, King v. McKillop, 112 F. Supp. 2d 1214, 1222 (D. Colo. 2000) (expert testimony is inappropriate when lay person can determine the factual issue without the help of an expert). This Court can easily discern the requirements of the FAR and whether the allowability of the indirect costs and the positions taken in the government's audit reports were correct or not. To the extent that these issues require specialized knowledge, Erdelsky does not have significant training at a high level to opine on these issues. Erdelsky cannot overcome her lack of credentials to offer opinion testimony relevant to the issues in this dispute.[3]

In addition, Erdelsky should also be barred from offering testimony because her report is inherently biased. As pointed out in the Motion, Erdelsky's authorship of the audit reports which are in question before this Court negate any expert opinion from her

[3] As previously pointed out in the Motion, whether Erdelsky could be provided as an expert or not is directly relevant to the issues raised in the Motion. Erdelsky's christening as an expert is therefore relevant in terms of her concern that she did not have the bona fide credentials to testify on the issues. The strategy of counsel in this case to utilize her rather than an independent expert is highly questionable. Erdelsky's attempts to opine beyond her limited expertise cannot survive this Court's scrutiny.

because it is solely calculated to support her prior positions. This is similar to other cases where claimed experts who were on constant retainer with the government had been found inherently unreliable. See, Turner Construction Co. ASBCA 25,447 et al, 90-2 BCA ¶ 22,649 (1990). In Turner, the ASBCA rejected the analysis of the government's scheduling expert because the expert made an incomplete use of project documentation. Id. at 113,752. The Board concluded that the scheduled analysis was prepared and presented by one whose background suggested "he was a professional claims witness more than a schedule consultant." Id. at 113,753 (emphasis added).

Erdelsky's background exposes her as nothing more than a DCAA auditor. Her professional career has been solely devoted to assisting DCAA in its audit functions. This Court has little use for such "expertise" and her testimony should be excluded on the twin basis that she is unqualified to render an opinion as to the allowability of indirect costs, and that her testimony is unhelpful on matters not requiring expert testimony.

B. **Erdelsky's Report Should Be Excluded as a Sanction for Defendant's Abusive Discovery**

In what can only be attributable to a lack of reading of the Motion, the defendant argue that ISN has not identified the documents that the defendant has withheld (Response at 5). Apparently defendant failed to read page 20 of the Motion which describes the three emails withheld by the defendant on the issue of whether Erdelsky could serve as an expert. This Court, and its rules regarding expert discovery, are not at the mercy of the practices of professionals who chose not to disclose documents which are necessary for disclosure as well as work product relating to her testimony in violation of the Rules.

Putting aside the requirements of RCFC 26, Fed. R. Evid. 612 requires disclosures of all material shown to a witness, including counsel's mental impressions conveyed to a testifying expert in preparation for testimony. See, Berkey Photo, Inc. v. Eastman Kodak, 74 Fed. F.R.D. 613 (S.D.N.Y. 1977); Media, Inc. v. Ventritex, Inc., 139 F.R.D. 384 (N.D. Cal. 1991) (all information provided to an expert by counsel should be produced to an opposing counsel).

Why is any of this an issue at all? First, Erdelsky was concerned that she did not have the high level qualifications to serve as an expert. Second, DCAA counsel (not counsel of record in this case) provided her three emails opining on why she could be utilized as an expert. Third, as a result of those emails, she agreed to serve as an expert in the case. Those emails and the opinions set forth, go directly to the testimony of Erdelsky and her qualifications.

Erdelsky has previously testified that she does not work in any other capacity now other than as a professional expert for the defendant. She is in effect a hired gun by the federal government whose retention has been made in the context of existing litigation.

Courts are acting to punish litigants and attorneys who destroy or fail to disclose electronic evidence in the context of litigation. Erdelsky's practices are notwithstanding, "at some point, a party/or its attorneys must be held responsible for knowing what documents are discoverable and where to find them." Damis v. USN Communications, 2000 WL 1694325 (N.D. Illinois Oct 23, 2000) (sanctioning chief executive officer who made no effort to retain electronic documents after commencing with litigation). See also, In re Prudential Insurance Company Sales Practices Litigation, 169 F.R.D. 598 (D. N.J. 1997) (sanction of $1 million for destruction of electronic data); Linnen v. AH

Robins Co., 1999 WL 462015 (Mass. Super. June 16, 1999) (sanction for spoliation of evidence and instructions on adverse inference to jury). Such sanctions are equally applicable to the destruction of evidence by an expert witness. See, Trigon Ins. Co. v. the United States, 234 F. Supp 2d 592, 594 n.1 (E.D. Va. 2002); See, generally, Trigon Ins. Co., v. the United States, 204 F.R.D. 277 (E.D. Va. 2001).

Given the sophistication and experience of defendant's counsel, their failure to produce these emails (and any other documents related to the emails) is inexcusable, and warrants Erdelsky's exclusion as an expert in this case.

**CONCLUSION**

For the reasons set forth above, ISN respectfully request that this Motion be granted.

Dated: August 14, 2008

Respectfully submitted,

SINGER & ASSOCIATES, P.C.

By: /s/Norman H. Singer

NORMAN H. SINGER, ESQ.
Singer & Associates, P.C.
10411 Motor City Drive
Suite 725
Bethesda, MD 20817
Telephone: (240) 395-2343
Facsimile: (301) 469-0403

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing "PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER AND IN LIMINE TO PREVENT THE TESTIMONY OF DEFENDANT'S PROPOSED EXPERT, ELLEN ERDELSKY" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

August 14, 2008

/s/Norman H. Singer
Norman H. Singer, Esquire